Kimberly WILDER, Plaintiff,

v.

VILLAGE OF AMITYVILLE, Ernest Thompson and Pamela Slack, Defendants.

No. 01–CV–2448 (TCP).

United States District Court, E.D. New York.

Oct. 30, 2003.

Arthur V. Graseck, Jr., Islip Terrace, NY, Michael B. Schulman, Levine & Schulman P.C., Melville, NY, for Plaintiff.

James L. Fischer, Bernard London, London Fischer LLP, New York City, for Defendants.

### MEMORANDUM AND ORDER

PLATT, District Judge.

Defendants the Village of Amityville, police sergeant Ernest Thompson and police officer Pamela Slack move, pursuant to Fed.R.Civ.P. 56, for summary judgment of Plaintiff Kimberley Wilder's 42 U.S.C. § 1983 civil rights complaint against them. The Court heard oral argument on September 26, 2003.

Police arrested Plaintiff at a May 21, 2000 demonstration concerning the removal of a tree when she failed to move after a sergeant repeatedly ordered her to do so. Plaintiff alleges in her amended complaint that she was excessively tightly handcuffed during her arrest, and wrongfully detained on charges, since dismissed, of obstructing

governmental administration, and that as a result she suffered, *inter alia,* physical and mental injuries as well as a deprivation of her liberty. Plaintiff claims excessive force, false arrest, malicious prosecution, and condonation of police misconduct, all in violation of § 1983, as well as relevant State laws.

For the following reasons, Defendants' motion for summary judgment on all of Plaintiff's federal and State claims is GRANTED.

## Background

### A. Procedural History

Plaintiff filed suit in New York State Supreme Court for Suffolk County on February 23, 2001. Defendants removed the case to federal court on April 20, 2001 on the basis of Plaintiff's reliance upon § 1983. Defendants moved for summary judgment on August 12, 2002. After numerous discovery disputes and substitution of counsel, discovery was finally certified as complete on February 13, 2003. On June 10, 2003, the Court granted leave for Plaintiff and her new counsel to amend their complaint. Defendants again seek summary judgment.

## Discussion

### A. *Motion for Summary Judgment*

#### 1. *Legal burden*

Summary judgment may be granted if, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, the moving party demonstrates that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law. *See* FED.R.CIV.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Material facts are those which

may effect the outcome of the case, and a factual dispute is genuine where a reasonable jury may return a verdict for the non-moving party. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. The party seeking summary judgment bears the burden of demonstrating that no genuine factual dispute exists. *See Adams v. Department of Juvenile Justice,* 143 F.3d 61, 65 (2d Cir. 1998). Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Sim v. New York Mailers' Union Number 6,* 166 F.3d 465, 469 (2d Cir.1999)(quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

#### 2. *Plaintiff's allegations*

Plaintiff alleges that on May 21, 2000 and thereafter (a) Sergeant Thompson handcuffed her with excessive tightness, (b) Officer Slack swore to an accusatory instrument filed against her without probable cause, (c) Officer Slack commenced a malicious prosecution of her for improper purposes including "giving the false appearance of propriety to Sergeant Thompson's arrest," (d) that as a result she "experienced severe mental distress and pain ... loss of liberty, loss of time from usual activities; fright, loss of reputation, humiliation ... [and] inflammation of her wrists, and (e) that Amityville tolerated and approved of the aforementioned police misconduct," "consistent with a departmental practice of employing extra-legal tactics in the name of advancing law enforcement objectives." (Amended Complaint at ¶¶ 11, 13, 14 and 17.)

Defendants aver that both Amityville and the named police officers possess qualified immunity, that the police had probable cause to arrest Plaintiff, and that

Plaintiff has failed to prove the elements of a claim of malicious prosecution. Defendants also seek summary judgment against Plaintiff's original State law claims for false arrest, assault, battery, negligence and punitive damages, which are not addressed in Plaintiff's amended complaint, other than Plaintiff's invocation of the Court's supplemental jurisdiction with respect to related, yet unspecified, claims asserted under New York State law. (*See* Defendants' Memorandum of Law in Support of Defendant's Motion for Summary Judgment, *passim;* Amended Complaint at ¶ 2.)

### 3. *Excessive force*

 The use of force is objectively excessive and in violation of the Fourth Amendment, if it is clear to a reasonable police officer that such conduct is unlawful in a given situation (with due recognition of the fact that police officers often face split-second decisions). *See Stephenson v. Doe,* 332 F.3d 68, 77–78 (2d Cir.2003). The single allegation of excessive force in the instant case is the excessively tight handcuffing of Plaintiff by Sergeant Thompson, allegedly resulting in the inflammation of Plaintiff's wrists for a period of twenty-four hours and requiring no medical attention. Plaintiff's allegation of sore, yet uninjured, wrists simply does not rise to the level of objective excess that reasonable police officers would consider to be unlawful conduct in an arrest situation. Plaintiff's claim of excessive force fails.

### 4. *False arrest*

 The elements of a claim of false arrest are the conscious, intentional, nonconsensual and non-privileged confinement of an individual. *See Curry v. Syracuse,* 316 F.3d 324, 335 (2d Cir.2003). In the case of a warrantless arrest, there is a presumption of illegality, which may be rebutted by proving the affirmative defense of the existence of probable cause. *Id.* The existence of probable cause is a legal question that the Court may decide if there are no disputed issues of material fact. *See Copeland v. New York,* 234 F.3d 1261, 2000 WL 1727795 at *1 (2d Cir.2000) (unpublished decision).

In the case at bar, Defendants arrested Plaintiff for violation of N.Y. PENAL § 195.05, obstructing governmental administration, in the second degree. Section 195.05 prohibits a person from intentionally preventing public servants from performing an official function. Here, authorities charged Plaintiff with obstructing their designated personnel from lawfully removing a tree, specifically, by refusing to move from an area where she might be harmed during the tree's removal by being hit by a falling branch or limb.

It is undisputed that Plaintiff failed to move after being ordered to do so, repeatedly, by the police. Plaintiff's Affidavit in Opposition to Defendant's Motion for Summary Judgment, states that Plaintiff "never made any choice not to move, but . . . was determining in which direction she should move. . . .". *Id.* at ¶ 18. Plaintiff claims that she was confused about which direction to go after being ordered to move by the police and was pondering this issue, while playing the flute, when she was arrested.

Findings of probable cause to violate § 195.05 may be predicated upon, for example, a defendant's refusal to obey orders to leave a premises, to exit a vehicle, to "step back" from an accident scene or to keep away from an area where a disturbance is taking place. *See Berger v. Schmitt,* 2003 WL 21383007 at *3 (N.D.N.Y. April 18, 2003). In the instant case, Defendants had probable cause to arrest Plaintiff for violation of § 195.05

when she ignored three orders to move away from what was soon to be a zone of danger, her presence in which would have preventing local officials from removing the tree. Defendants' affirmative defense of probable cause succeeds, and therefore Plaintiff's claim for false arrest fails.

### 5. *Malicious prosecution*

■ The elements of a claim for malicious prosecution are that a prosecution was initiated with malice, but without probable cause to believe in its success, and was ultimately terminated in favor of the plaintiff. *See Boyd v. New York*, 336 F.3d 72, 76 (2d Cir.2003). Again, the existence of probable cause is a question of law that the Court may decide if there are no disputed material facts. *See Copeland*, 234 F.3d 1261, 2000 WL 1727795 at *1.

As discussed, Defendants here had probable cause to believe Plaintiff violated § 195.05; therefore, Plaintiff's claim for malicious prosecution on that charge fails.

### 6. *Qualified immunity of Sergeant Thompson and Officer Slack*

■ Defendants Sergeant Thompson and Officer Slack are granted summary judgment against Plaintiff's claims of excessive force, false arrest and malicious prosecution on the additional grounds of their qualified immunity from such suits.

■ Police officers accused of the use of excessive force, who do not violate clearly established constitutional or statutory rights which they may reasonably be expected to be aware of, are protected by a qualified immunity that "protects all but the plainly incompetent or those who knowingly violate the law." *Stephenson*, 332 F.3d at 77–78. Police officers accused of false arrest are protected by a qualified immunity if other officers of reasonable competence could disagree on the existence of probable cause. *Boyd*, 336 F.3d

at 75–76. Police officers accused of malicious prosecution are entitled to qualified immunity if, as with false arrest, other officers of reasonable competence could disagree on the existence of probable cause, "and nothing occurred between the arrest and the prosecution to alter this" belief. *Rogers v. Amsterdam*, 303 F.3d 155, 159 (2d Cir.2002).

As discussed above, and in the next paragraph, even after resolving all ambiguities and drawing all inferences in favor of Plaintiff, the police Defendants demonstrate, without contradiction, that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law on the basis of the sergeant's and the officer's qualified immunity.

No reasonable jury may return a verdict that handcuffing resulting in slight, untreated inflammation of the wrists is an example of an objectively unreasonable use of force demonstrating the sergeant's incompetence or knowing violation of the law. Nor can it reasonably be said that the arrest and prosecution of Plaintiff were made both with malice and without probable cause, as police officers of reasonable competence could, at the very least, disagree as to the presence of probable cause for Plaintiff's arrest and prosecution for violating § 195.05. Indeed this Court finds on the record of the case that probable cause did exist.

On the basis of the facts alleged, Plaintiff fails to make a case for overcoming the defense of qualified immunity as to the police Defendants.

### 7. *Alleged First Amendment violations*

Plaintiff suggested, both in her pleadings and at oral argument, that the alleged police brutality and abuse of legal process directed towards her stemmed from hostility on the part of the Village of Amityville

and Sergeant Thompson and Officer Slack towards her pro-tree environmental and religious viewpoints and a desire by Defendants to muzzle her expression of the same. There is little evidence in the record that Defendants harbor any animus towards Plaintiff's constitutionally protected viewpoints, or indeed to trees such as the one unfortunately removed in the instant case. Almost everyone appreciates the aesthetic beauty and natural benefits of trees.[1] Plaintiff is merely not permitted to ignore lawful police orders to move on and allow the government to remove a tree in a safe manner and in accordance with proper government procedures.

### Conclusion

For the reasons stated above, Defendants motion for summary judgment is GRANTED as to Plaintiff's federal and State claims.

SO ORDERED.

---

1. "I think that I shall never see / A poem lovely as a tree. A tree whose hungry mouth is prest / Against the earth's sweet flowing breast; A tree that looks at God all day, And lifts her leafy arms to pray; A tree that may in Summer wear / A nest of robins in her hair; Upon whose bosom snow has lain; Who intimately lives with rain. Poems are made by fools like me, But only God can make a tree." Joyce Kilmer, *Trees and Other Poems* 18 (George H. Doran Co.1914).